UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MIGUEL A. ROSADA and GIGI C. ROSADA ,

    Plaintiffs,

vs.                                                Case No. 3:09-cv-653-J-20MCR

JOHN WIELAND HOMES AND
NEIGHBORHOODS, INC. also known as
JOHN WIELAND HOMES, INC. and JOHN
WIELAND HOMES OF JACKSONVILLE, INC.,

    Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiffs' Motion to Strike Defendants' Affirmative Defenses and Claim for Attorneys' Fees (Doc. 19) filed February 18, 2010. Defendants filed their response in opposition to this Motion on March 12, 2010. (Doc. 22). Accordingly, the matter is now ripe for judicial review.

### **I. BACKGROUND**

On June 3, 2009, Plaintiffs filed the Complaint in this case in state court. The Complaint stated two claims for promissory estoppel and fraud against the Defendants stemming from problems with Plaintiffs' home. (Doc. 2). The case was removed to this Court on July 15, 2009 and on July 29, 2009, Plaintiffs filed an amended complaint adding a count for negligent misrepresentation. (Doc. 6). Defendants filed their answer and affirmative defenses to the Amended Complaint on February 3, 2010. (Doc. 17). In the Answer, Defendants raised thirteen defenses. Plaintiffs complain that all but the

-1-

tenth defense are insufficient and should be stricken. Additionally, Plaintiffs seek to strike Defendants' request for attorneys' fees.

## II. ANALYSIS

Rule 12(f) of the Federal Rules of Civil Procedure provides that upon a party's motion, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Pursuant to Rule 12(f), an affirmative defense may be stricken if it is legally insufficient, however, striking a defense is a "'drastic remedy[,]' which is disfavored by the courts." Thompson v. Kindred Nursing Centers East, LLC, 211 F.Supp.2d 1345, 1348 (M.D. Fla. 2002) (quoting Augustus v. Bd. of Public Instruction of Escambia County, Fla., 306 F.2d 862, 868 (5th Cir. 1962) and Poston v. American President Lines Ltd., 452 F. Supp. 568, 570 (S.D. Fla. 1978)). "An affirmative defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002) (citing Anchor Hocking Corp. v. Jacksonville Elec. Authority, 419 F.Supp. 992, 1000 (M.D. Fla. 1976)). Moreover, "[a]n affirmative defense will be held insufficient as a matter of law only if it appears that the Defendant cannot succeed under any set of facts which it could prove." Florida Software Sys., Inc. v. Columbia/HCA Healthcare Corp., No. 97-2866-CIV-T-17B, 1999 WL 781812, at *1 (M.D. Fla. Sept. 16, 1999). Finally, "a court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Id.

### A. Defendants' First Affirmative Defense

Defendants' first affirmative defense alleges the "Complaint fails to state a cause of action upon which relief may be granted." Plaintiffs argue this defense is conclusory in that it fails to "identify the count(s) or elements of each, if any, which remain incomplete." (Doc. 19 p.3). Additionally, Plaintiffs claim this defense is "not an affirmative defense at all." Id.

Plaintiffs are correct that the alleged defense is not an affirmative defense. Rather, it is a denial, as it alleges only a defect in Plaintiff's prima facie case. See In re Rawson Food Service, Inc., 846 F.2d 1343, 1349 (11th Cir. 1988) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense."). However, when a party incorrectly labels a "negative averment as an affirmative defense rather than as a specific denial[,] . . . the proper remedy is not [to] strike the claim, but rather to treat [it] as a specific denial." Home Mgmt. Solutions, Inc. v. Prescient, Inc., No. 07-20608-CIV, 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007) (internal citations omitted); see also Gonzalez v. Spears Holdings, Inc., No. 09-60501-CIV, 2009 WL 2391233, *2 (S.D. Fla. July 31, 2009) (same). Therefore, the Court will treat Defendants' first affirmative defense as a denial and will not strike it.

### B. Defendants' Second and Third Affirmative Defenses

Defendants' second and third affirmative defenses allege Plaintiffs' claims are barred by Florida's statute of repose and Florida's statute of limitations. Plaintiffs challenge these defenses on the grounds that they fail to identify which count or counts

of Plaintiffs' Amended Complaint are subject to the statutes and therefore, are vague and ambiguous.

Affirmative defenses are invalid as a matter of law if they do not meet the general pleading requirements of Rule 8(b) of the Federal Rules of Civil Procedure, which requires defenses to be stated "in short and plain terms."  See McGlothan v. Walmart Stores, Inc., No. 6:06-cv-94, 2006 WL 1679592, at *1 (M.D. Fla. Jun. 14, 2006).  An affirmative defense "may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives the plaintiff fair notice of the nature of the defense."  5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1274 (3d ed. 2004).  Although Plaintiffs argue to the contrary, Defendants' second and third affirmative defenses give Plaintiffs fair notice of their nature.  Although the defenses do not specify to which counts they may pertain, "'a court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.'"  Nankivil v. Lockheed Martin Corp., 216 F.R.D. 689, 691 (M.D. Fla. 2003), aff'd, 87 F. App'x. 713 (11th Cir. 2003) (quoting Reyher v. Trans World Airlines, Inc., 881 F.Supp. 574 (M.D. Fla. 1995); Florida Software Sys., Inc., 1999 WL 781812, at *1.  There is no claim that these defenses have no relation to the controversy, would confuse the issues, or would prejudice Plaintiffs.

"If a defense may be relevant, then there are other contexts in which the sufficiency of the defense can be more thoroughly tested with the benefit of a fuller record--such as on a motion for summary judgment.'"  Mullis v. Universal Select, Inc.,

1997 WL 827408 *2 (M.D. Fla. 1997) (quoting United States v. Martell, 844 F. Supp. 454, 457 (N.D. Ind.1994) (citations omitted)).  Accordingly, the Court will decline to strike Defendants' second and third affirmative defenses at this time.

### C. Defendants' Fourth and Fifth Affirmative Defenses

These affirmative defenses allege Defendants made a business decision not to repair the home and therefore, no fraud exists and given the adversarial relationship between the parties, Plaintiffs did not reasonably rely on any representations made by Defendants.  Plaintiffs claim these purported defenses are not actually defenses but "are merely conclusory allegations or at best, denials."  (Doc. 19, p.4).  Defendants contend both of these defenses are recognized defenses to claims of fraud.  (Doc. 22, pp. 5-6).

The Court need not determine whether Defendants' claims are actually proper affirmative defenses.  Clearly these claims have a possible relation to the controversy and again, Plaintiffs have not alleged the claims will confuse the issues in the case or will subject them to prejudice.  Moreover, as noted in Section A above, even if these defenses are nothing more than denials, the proper remedy is not to strike the defenses, but to treat them as specific denials.  Home Mgmt. Solutions, Inc., 2007 WL 2412834, at *3.  Accordingly, as Defendants' fourth and fifth affirmative defenses arguably have some significance in the instant action, they cannot be said to be immaterial or impertinent to the case and will not be stricken at this time.  The Court is making no comment on the probable success on the merits of these defenses, but rather declines to grant such a drastic remedy at the present time.

### D. Defendants' Sixth Affirmative Defense

Defendants' sixth affirmative defense asserts Plaintiffs' claims for fraud and negligent misrepresentation are barred by the economic loss rule. Plaintiffs believe this defense should be stricken because in its Order denying Defendants' motion to dismiss, the Court stated Plaintiffs' claims were not barred by the economic loss rule. (Doc. 19, p.5). Defendants respond by pointing out the Court's Order specifically provided that "[a]t this stage of the proceedings," the Court found the economic loss rule did not bar Plaintiffs' claims.

The undersigned agrees with Defendants. The Order denying the motion to dismiss did not determine the economic loss rule was not a valid defense. Rather, it determined at the pleadings stage, it was not enough to bar Plaintiffs' claims. As such, this defense is still proper and need not be stricken.

### E. Defendants' Seventh, Ninth, and Eleventh Affirmative Defenses

Defendants' seventh, ninth, and eleventh affirmative defenses all relate to Defendants' contention that Plaintiffs' recovery should be proportionately reduced based on their level of fault. The seventh affirmative defense relates to Plaintiffs' failure to make necessary repairs. The ninth affirmative defense addresses Plaintiffs' alleged failure to inspect and maintain the home. Finally, the eleventh affirmative defense claims Plaintiffs' recovery should be reduced to the extent their own negligence contributed to their damages. Plaintiffs argue these defenses should be stricken because Defendants failed to allege any facts supporting the defenses and because they are redundant.

The Court agrees with Defendants that the defenses are sufficiently different so that they are not redundant.  In any event, "[i]t is the generally accepted view that a motion to strike for redundancy ought not to be granted in the absence of a clear showing of prejudice to the movant[.]"  Burnett v. Hawthorne, No. 3:09-cv-1096, 2010 WL 337342, *2 (M.D. Fla. Jan. 22, 2010) (quoting Manhattan Const. Co. v. McArthur Elec., Inc., No. 1:06-cv-1512-WSD, 2007 WL 295535, at *6 (N.D.Ga. Jan.30, 2007)).  Here, Plaintiffs have made no such showing.

Additionally, as to Plaintiffs' argument that Defendants failed to allege sufficient facts to support the defenses, the Court finds these defenses give Plaintiffs fair notice of their nature.  Moreover, because there is no argument that these defenses have "no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party," the Court will not exercise its discretion to strike them.  Nankivil, 216 F.R.D. at 691.

### F.  Defendants' Eighth Affirmative Defense

The eighth affirmative defense asserts Plaintiffs' damages were caused by the negligence of other persons or entities.  Plaintiffs argue the Court should strike this defense because it fails to allege any facts to support it.  Specifically, Plaintiffs take issue with the failure of Defendants to identify the "other persons or entities."  This Court has previously observed:

> in relation to the failure to name the third parties alluded to, it has been held failure to "identify any third parties by name" does not prevent an affirmative defense from "adequately put[ting a party] on notice that third parties may be at fault."

Goodbys Creek, LLC v. Arch Ins. Co., No. 3:07-cv-947, 2009 WL 1139572, *2 (M.D. Fla. Apr. 27, 2009) (quoting Cox v. Nestle USA, Inc., No. 06-1263 B/P, 2008 WL 4443266, at *2 (W.D. Tenn. Sept. 26, 2008)). As such, the Court will deny Plaintiffs' Motion with respect to this affirmative defense.

### G. Defendants' Twelfth Affirmative Defense

Defendants have agreed to withdraw this defense and therefore, Plaintiffs' Motion to Strike is denied as moot with respect to this affirmative defense.

### H. Defendants' Thirteenth Affirmative Defense

Defendants' thirteenth affirmative defense asserts the Amended Complaint fails to state a claim against Defendant JWH as JWH is a separate and independent legal entity from Defendant JWH Jax, was neither the builder or seller of Plaintiffs' home, and made no representations to Plaintiffs. Plaintiffs argue this defense is simply a conclusory allegation or denial and should be stricken. While Defendants argue to the contrary, the Court agrees this defense appears to be a denial, as it alleges only a defect in Plaintiff's prima facie case. In re Rawson Food Service, Inc., 846 F.2d at 1349 ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense."). However, as noted in Section A of this Order, the proper remedy when a party incorrectly labels a specific denial as an affirmative defense is not to strike the claim. See Home Mgmt. Solutions, Inc., 2007 WL 2412834, at *3; Gonzalez, 2009 WL 2391233, * 2. Accordingly, the Court will deny Plaintiffs' request to strike this defense.

## I. Defendants' Request for an Award of Attorneys' Fees

Plaintiffs ask the Court to strike Defendants' request for attorneys' fees as such an award is not supported by a contract or statute. Defendants respond that it would be premature to strike their request for attorneys' fees as there may be either a contract or other statute which could provide for such an award. As Defendants have failed to point to either a contract or statute authorizing the award of attorneys' fees, the undersigned will adhere to "American Rule" and grant Plaintiffs' motion to strike Defendants' request for attorneys' fees. Should Defendants learn of either a contract or a statute authorizing attorneys' fees, they are free to seek leave to amend their answer as such leave is freely given "when justice so requires." Rule 15 (a), Fed.R.Civ.P.

## III. CONCLUSION

The undersigned finds the Defendants' affirmative defenses are not insufficient as a matter of law, do not confuse the issues, do not unnecessarily prejudice the Plaintiff, are adequately related to the controversy and are not so vague or ambiguous that Plaintiffs cannot reasonably prepare a response. As such, the Court will not strike them. The Court will, however, strike Defendants' request for attorneys' fees at this time as Defendants have pointed to no support for such a request.

Therefore, after due consideration, it is

**ORDERED**:

Plaintiffs' Motion to Strike Defendants' Affirmative Defenses and Claim for Attorneys' Fees (Doc. 19) is **GRANTED in part and DENIED in part** as provided in the body of this Order.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  25th  day of March, 2010.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record